# STATE OF NORTH CAROLINA

_____ Buncombe _____ County

File No.

**25CV005281-100**

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff* PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY as subrogee of RICHARD BARTHEL and KATIE BARTHEL | |
| *Address* | **CIVIL SUMMONS** |
| | ☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| *City, State, Zip* | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)* | *Date Original Summons Issued* |
| AMAZON.COM LLC | |
| | *Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| AMAZON.COM LLC | |
| c/o CORPORATION SERVICE COMPANY, its Registered Agent | |
| 251 Little Falls Drive | |
| Wilmington          DE     19808 | |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles!

Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued* 8/28/2025 | *Time* 7:18:19 am ☐ AM ☐ PM |
|---|---|---|
| Daniel G. Cahill | | |
| P.O. Box 1801 | *Signature* /s/ Jean Hansman | |
| Raleigh                    NC     27602-1801 | ☐ Deputy CSC   ☒ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)** This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

**EXHIBIT 1**

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| 09/02/25 | 2:24 | ☐ AM ☑ PM | Amazon.com, LLC |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☑ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

Corporation Service Company

☑ Acceptance of service.
Summons and complaint received by: ☐ Defendant 1.
☑ Other: (type or print name)
Corporation Service Company

| Date Accepted | Signature |
|---|---|
| 9/2/25 | Corrianna Plascencia |

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 2.
☐ Other: (type or print name)

| Date Accepted | Signature |
|---|---|
| | |

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

10-9-2025

Case 1:25-cv-00394-MR-WCM    Document 1-1    Filed 11/06/25    Page 2 of 31

4A221278BHM0001

6020251009045688

STATE OF NORTH CAROLINA

COUNTY OF BUNCOMBE

GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV_____ __

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY as subrogee of RICHARD BARTHEL and KATIE BARTHEL, | |
| Plaintiff, | |
| v. | **COMPLAINT**<br>(JURY TRIAL DEMANDED) |
| AMAZON.COM LLC, | |
| Defendant. | |

COMES NOW Plaintiff, Pennsylvania National Mutual Casualty Insurance Company ("Penn National") as subrogee of Richard Barthel and Katie Barthel, by its undersigned counsel, and for its Complaint against Defendant Amazon.Com LLC, alleges the following:

## THE PARTIES

1.  Plaintiff is a mutual insurance company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 2 North 2nd Street, Harrisburg, PA 17191.

2.  At all times relevant hereto, Penn National was duly authorized to engage in the business of insurance in North Carolina.

3.  At all times relevant hereto, Penn National provided insurance to Richard Barthel and Katie Barthel ("Barthels" or "subrogors") in connection with their property located at 223 Parker Road, Asheville, NC, 28805 ("subject property"), under a policy of insurance which was in full force and effect on all relevant dates, and at all relevant times. As such, as a result of claims made on said policies and payments made pursuant thereto, Penn National became subrogated to

the rights and interests of the subrogors for any monies paid thereunder, including the claims giving rise to the within cause of action.

4. At all times relevant hereto, Defendant, Amazon.Com LLC ("Amazon"), is, upon information and belief, a Delaware corporation with its principal place of business located at 410 Terry Avenue North, Seattle, WA, 98109-5210, and it regularly conducted business in the state of North Carolina.

5. Defendant, Amazon, at all times relevant hereto, was in the business of, *inter alia*, preparing, distributing, selling, processing, certifying, policing, vetting and/or marketing rechargeable batteries, including the defective rechargeable battery at issue in this case, which caused the fire and damages and which was made by a manufacturer not subject to the jurisdiction of the courts of this State.

6. The subject product had been purchased through Amazon's website on March 20, 2022, by the Barthels and was distributed to them by Amazon. Given the size of Amazon – total revenue of $575B in 2023 - and its reputation as a trustworthy online distributor, the Barthels believed they could find a reasonably safe replacement battery on Amazon's website that would function reliably, but it did not.

7. Because Amazon had heavily promoted its own image as a safe and trustworthy company, it was never imagined Amazon would have allowed dangerous products like the subject product to be available for sale on its website. Additionally, through their previous experiences using Amazon, the subrogors were familiar with the robust communication system Amazon maintained with its account holders and believed that if Amazon ever learned the subject product was dangerous, then Amazon would conduct a prompt and thorough investigation of that product and, when appropriate, send an alert to the Barthels regarding the dangerous product and/or completely removing the product from its listings.

2

8.     Amazon professes that it undertakes several safety-related services for the benefit of individuals who purchase products through Amazon's website when they fail. Amazon's purported goal in offering these services has been to fully vet the safety and reliability of not just the products being sold on Amazon's website, but also the sellers whose products were being sold.

9.     Amazon's affirmative representations of reliability and its sales-enhancing services were in place long before the Barthels purchased the fan and they distinguished Amazon from other online marketplaces that acted as hands-off platforms; whereas with Amazon it self-chose the role of an active marketplace regulator. Amazon has held that role during all times pertinent to this incident.

10.     Amazon provided extensive details on its voluntary undertakings in a post on its own website for the world to see and rely on:

> *Amazon strives to be Earth's most customer-centric company, where people can find and discover the widest possible selection of safe and authentic goods, and we work hard to earn and maintain your trust. In 2018 alone, **we invested over $400 million to protect our store and our customers and built robust programs to ensure products offered are safe, compliant, and authentic.** Amazon offers customers hundreds of millions of items, and we have developed, and continuously refine and improve, our tools that prevent suspicious, unsafe, or non-compliant products from being listed in our store.*
>
> *Our proactive measures begin when a seller attempts to open an account. **Our new seller account vetting includes a number of verifications and uses proprietary machine learning technology that stops bad actors before they can register or list a single product in our store.** All products offered in our stores must comply with applicable laws and regulations, and our own policies. For example, we require toys to be tested to relevant safety standards set by the Consumer Product Safety Commission. **We have a dedicated global team of compliance specialists that review submitted safety documentation, and we have additional qualification requirements that sellers must meet to offer products.** In 2018, our teams and technologies proactively blocked more than three billion suspect listings for various forms of abuse, including non-compliance, before they were published to our store.*
>
> *Once a product is available in our store, we continuously scan our product listings and updates to find products that might present a concern. Every few minutes, our tools review the hundreds of millions of products, scan the more than*

3

*five billion attempted daily changes to product detail pages, and analyze the tens of millions of customer reviews that are submitted weekly for signs of a concern and investigate accordingly. Our tools use natural language processing and machine learning, which means new information is fed into our tools daily so they can learn and constantly get better at proactively blocking suspicious products.*

*In addition, we provide a number of ways for regulatory agencies, industry organizations, brands, customers, and our customer service teams to report safety issues.* ***When we receive these reports, we move quickly to protect customers, remove unsafe products from our store, and investigate. For example, if a customer reports a concern with a product, a customer service associate can instantly trigger an investigation.*** *Additionally, because of our direct relationships with customers, we are able to trace and directly notify customers who purchased a particular product online and alert them to a potential safety issue—our systems are far more effective than other online and offline retailers and customers can feel confident they'll have the information they need. [...]* ***We invest significant resources to protect our customers and have built robust programs designed to ensure products offered for sale in our store are safe and compliant.*** *We want customers to shop with confidence and if ever a customer has a concern, they can contact our customer service team, and we will investigate.*

(Emphasis added).

11.     Similarly, Amazon's Help and Customer Service web page explains that:

***Amazon works to protect customers*** *from risks of injury associated with products offered on Amazon by looking into and taking action on reported complaints and incidents...*

***Amazon monitors the products sold on [its] website*** *for product safety concerns. In concerning situation, we may remove the product from the website, reach out to sellers and manufacturers for additional information, place relevant warnings on the product detail page or take other actions depending on the situation ... [Amazon] reache[s] out to any customer that previously purchased impacted products (and any sellers that may have offered such products) to inform them about the recall.*

4

*See image below:*

        

## *Help & Customer Service*

**Safety Information, Recalls, Warranties & Legal Notices**

Monthly Warranty Subscriptions
About Reddit0 Frequency Devices

**Find more solutions**

Q.

**Quick solutions**

Ordering | Safety Information, Recalls, Warranties & Legal Notices

Your Orders

Track your Order

Returns & Refunds

Exchange or Return Items

Manage Prime

(check or...

Utility...

Payment Settings

add, edit...

Carrier Info

suspend a carrier

milestones

Account Settings

Change sign-in

password

# About Product Safety at Amazon

The Product Safety Team at Amazon works to protect Amazon customers from risks of injury associated with products offered on Amazon by looking into and taking action on reported safety complaints and incidents.

## Product Safety

Amazon monitors the products sold on our website for product safety concerns.

In concerning situations, we may remove the product from the website, reach out to sellers and manufacturers for additional information, place relevant warnings on the product detail page, or take other actions depending on the situation.

We may also report product safety concerns to applicable government agencies in order to bolster their safety data and help facilitate any necessary recalls.

## Recalls

Amazon monitors public recall alert websites and also learns of recalls directly from manufacturers and vendors. When we learn of a recall, we suspend all impacted product offerings from our website and quarantine any related inventory in our fulfillment centers. We also reach out to any customers that previously purchased impacted products (and any seller that may have offered such products) to inform them about the recall.

If you have a specific question regarding a product recall, please contact the product manufacturer directly. If the manufacturer can't be reached, please contact the seller of the item. For more information about third party sellers on Amazon.com, go to 'About Ordering from a Third-Party seller. For Amazon-owned brands (such as Amazon Elements, AmazonBasics, Kindle and Pinzon) please contact Amazon Customer Service

5

12.     Other related services that Amazon offers for the benefit of users like Plaintiff's insureds included: approval of all Fulfillment by Amazon ("FBA") products; provision of 24/7 customer service; receiving and processing all FBA product returns (during which time Amazon inspects the FBA product and determines whether the product can be resold); and categorizing FBA products with the help of both employees and computers/robots, labeling FBA products, and moving them through the distribution process.

13.     The contracts between Amazon and its merchants state that Amazon: (a) has the authority to format the product's listing on its online marketplace, which includes how a listing is displayed to consumers; (b) may reject products that Amazon determines are illegal, sexually explicit, defamatory, or obscene; and (c) will require merchants to communicate with their customers exclusively through Amazon's platform, which enables customers to provide user comment reviews on a product's web page listing.

14.     Amazon has an established history of monitoring the safety products on its website and taking unilateral action to remove dangerous products from the available listings and to warn consumers who purchased such products of the potential hazards they present. This history includes, for example, Amazon's recall on June 30, 2021 of 4,900 units of children's sleepwear garments that were being sold on Amazon's site by Chinese companies located in the city of Shenzen. Amazon did the same with defective CO detectors and hair dryers. At all relevant times, Amazon maintained the same kind of control over the battery at issue here.

15.     Such aforementioned services by Amazon led to the Consumer Products Safety Commission (CPSC) to hold that Amazon is a distributor of products from its Fulfilled by Amazon program, which was utilized in this case. As the distributor who placed the battery into the stream of commerce intending for foreseeable plaintiffs to face foreseeable harm, Amazon is liable for

6

the unreasonably unsafe nature of the battery and the damages it caused to subrogors. See, *In the Matter of Amazon.com, Inc.*, USCPSC Docket No.: 21-2, p. 72.

16.     Regarding the rechargeable battery from First Power sold through Amazon to the Barthels in this case, it was advertised as a replacement battery for Dyson V6 series vacuums.

17.     On January 26, 2024, Health Canada – the equivalent to the CPSC in America - warned Canadians of a risk of fire and burns from FirstPower replacement batteries for Dyson V6 series vacuums sold online between January and April 2022, as we have here.

18.     As of November 24, 2023, there were six reports of incidents with significant fire damage from these replacement batteries from FirstPower in Canada and the Barthels are unlikely to be the only ones in the United States and beyond.

## JURISDICTION AND VENUE

19.     This Court may exercise personal jurisdiction over the Defendant pursuant to N.C. Gen. Stat. § 1-75.4, because it conducts or has conducted business in the State of North Carolina and it has participated in the acts and omissions that give rise to this action. In addition, at all times relevant to the allegations contained herein, the Defendant has purposefully availed themselves of the laws, protections, and privileges of this State.

20.     Venue is proper in this Court in that the acts and omissions supporting Plaintiff's causes of action arose in Buncombe County, North Carolina, and Plaintiff's subrogors reside in Buncombe County.

## ALLEGATION-NEGLIGENCE

21.     Prior to November 26, 2022, Defendant sold, prepared, distributed, processed, certified, and/or placed into the stream of commerce an unreasonably dangerous and defective FirstPower rechargeable battery to the Barthels that was professed by Amazon to be a suitable

7

replacement battery for Dyson vacuums, with all accompanying component parts; said product being intended for use by consumers for the ordinary purpose associated therewith.

22. Although Amazon knew or should have known the above-described safety-related services it was to provide to the subrogors were necessary for their protection, it failed to exercise reasonable care in performing those services, thereby violating the above duties. Specifically, Amazon:

(a) failed to properly vet FirstPower;

(b) failed to properly vet the FirstPower battery line at issue;

(c) exposed and introduced the subrogors to a dangerous product by allowing FirstPower to sell on Amazon;

(d) exposed and introduced the subrogors effected thereby to a dangerous product by allowing the battery to be listed on Amazon's website;

(e) ignored the red flags raised by user reviews and governmental warnings indicating the batteries were dangerous and then failing to properly investigate the dangerous condition of the batteries;

(f) failed to ensure its product supplier in this case was insured for liability at all times so as to keep the subrogors safe from monetary harm; and

(g) lacking control over its own sales platform to the extent that unsafe and dangerous products like the batteries here were distributed to the subrogors and others who were harmed.

23. Additionally, Amazon's failure to properly vet the safety and reliability of the FirstPower batteries and failure to properly investigate and warn about the dangerous latent defective condition of the batteries significantly increased the subrogors' risk of harm as they would never have come across the FirstPower battery and purchased it, but for its being listed and promoted as a safe product on Amazon's website. The subrogors also would never have come across and/or used the batteries at all, but for Amazon's active provision of logistical assistance to and recruitment of FirstPower.

8

10-9-2025
4A221278BHM0001
6020251009045688

24. The allegations referenced above constitute breaches of Amazon's duties owed to the subrogors which caused damage to them

25. On or about November 26, 2022, the Barthels were charging the FirstPower battery as intended in their home when it failed and started the fire.

26. The damages at issue are related to the fire losses to real and personal property incurred by the subrogors and paid for pursuant to Plaintiff's herein-described policy with the subrogors.

27. To the extent these damages were covered under insurance policies that Plaintiff had in full force and effect at the time with the subrogors, claim monies were paid to the subrogors consistent with their policy's terms and conditions; as a result, Plaintiff has become subrogated to certain claims as asserted in this action.

**WHEREFORE**, Plaintiff, Pennsylvania National Mutual Casualty Insurance Company, as Subrogee of Richard Barthel and Katie Barthel, respectfully prays the Court as follows:

1. For judgment against Defendant, Amazon.Com LLC, in the amount to be proven at trial;

2. For a trial by jury on all issues so triable;

3. For an award of costs and attorney's fees as allowed by law; and

4. For such other relief as this Court deems just and proper.

Respectfully submitted, this 27th day of August, 2025.

                    **POYNER SPRUILL LLP**

            By:   /s/ Daniel G. Cahill
                  Daniel G. Cahill
                  N.C. State Bar No. 20887
                  dcahill@poynerspruill.com
                  P.O. Box 1801
                  Raleigh, NC 27602-1801
                  Telephone: 919.783.2902
                  Facsimile: 919.783.1075
                  *Attorneys for Plaintiff*

9



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Vivian Ching<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Lizette Fernandez<br>Stephanie Habben<br>Maria Catana<br>Lacy O'Block<br>Marchand Waldal<br>Karen Curtis<br>Theresa Nixon<br>Kimberly Thomas<br>Lynn Foley-Jefferson |

| | |
|---|---|
| **Entity:** | Amazon.com LLC<br>Entity ID Number  1933520 |
| **Entity Served:** | Amazon.Com LLC |
| **Title of Action:** | Pennsylvania National Mutual Casualty Insurance Company As Subrogee of Richard Barthel vs. Amazon.com LLC |
| **Matter Name/ID:** | Pennsylvania National Mutual Casualty Insurance Company As Subrogee of Richard Barthel vs. Amazon.com LLC (17832978) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Buncombe County General Court of Justice, NC |
| **Case/Reference No:** | 25CV005281-100 |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 09/02/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Poyner Spruill Llp<br>919-783-2902 |
| **Client Requested Information:** | Amazon Case Type: Insurance Claim |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

STATE OF NORTH CAROLINA

COUNTY OF BUNCOMBE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV005281-100

| | | |
|---|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, as Subrogee of Richard and Katie Barthel, | ) ) ) ) | |
| Plaintiff, | ) ) | **MOTION FOR LEAVE TO** |
| vs. | ) ) | **APPEAR PRO HAC VICE** |
| AMAZON.COM, LLC, | ) ) | |
| Defendant. | ) ) | |

NOW COMES Richard J. Boyd, Jr., of the firm de Luca Levine LLC, and pursuant to N.C.G.S. §84-4.1, moves this Court for leave to appear Pro Hac Vice in the above matter to represent Plaintiff, Pennsylvania National Mutual Casualty Insurance Company, as Subrogee of Richard and Katie Barthel ("Plaintiff"). In support of this Motion, the undersigned shows the Court the following:

1.    Mr. Boyd's full address is: 301 E. Germantown Pike, 3rd Floor, East Norriton, PA 19401.

2.    Mr. Boyd is a 1999 graduate of the Widener University School of Law. He is an attorney who has been admitted to the Bar of the Commonwealth of Pennsylvania since 1999 (Pennsylvania Bar No. 84035). Mr. Boyd is in good standing with the Bar of the Commonwealth of Pennsylvania.

3.    The undersigned Richard J. Boyd, Jr. hereby makes the following statements pursuant to N.C.G.S. §84-4.1:

(a)    unless permitted to withdraw sooner by order of the Court, Mr. Boyd will continue to represent the Plaintiff in this action until the final determination,

and that with reference to all matters incident to the proceeding. Mr. Boyd agrees to be subject to the orders and amenable to the disciplinary action and the civil jurisdiction of the General Court of Justice and the North Carolina State Bar in all respects as if he were a regularly admitted and licensed member of the Bar of North Carolina in good standing;

      (b)     Plaintiff has retained Mr. Boyd to represent the client in this matter as described in Plaintiff's statement, attached as Exhibit A and incorporated herein by reference;

      (c)     the Commonwealth of Pennsylvania grants like privileges to members of the Bar of North Carolina in good standing;

      (d)     Mr. Boyd is associated with Daniel G. Cahill of the law firm of Poyner Spruill LLP, who is a resident of his State and is duly and legally admitted to practice in the General Court of Justice of North Carolina, upon whom service may be had in all legal matters connected with this legal proceeding, or any disciplinary matter, with the same effect as if personally made on such foreign attorney within this State;

      (e)     Mr. Boyd has not been disciplined by any court or lawyer regulatory organization, nor has he had any pro hac vice admission revoked in any jurisdiction in which he has practiced;

      (f)     the required $225.00 fee is being submitted with this motion.

WHEREFORE, Richard J. Boyd, Jr. respectfully requests that this Motion be allowed and he be permitted to appear pro hac vice for the Plaintiff in this action.

2

Respectfully submitted, this _14th_ day of October, 2025.

                                    **de LUCA LEVINE LLC**

                                    Richard J. Boyd, Jr.
                                    Pennsylvania Bar No. 84035
                                    Email: rboyd@delucalevine.com
                                    301 E. Germantown Pike, 3rd Floor
                                    East Norriton, PA 19401
                                    P: 215-383-0229
                                    F: 215-383-0082


                                    **POYNER SPRUILL, LLP**

                                    Daniel G. Cahill
                                    N.C. State Bar No. 20887
                                    Email: dcahill@poynerspruill.com
                                    P.O. box 1801
                                    Raleigh, NC 27602
                                    T: 919-783-6400
                                    F: 919-783-1075

STATE OF NORTH CAROLINA

COUNTY OF BUNCOMBE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
CASE NO.: _

PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY,
as Subrogee of Richard and Katie Barthel,

                Plaintiff(s),

vs.

CUNGEN YE/FIRSTPOWER,

                Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**STATEMENT IN SUPPORT
OF PRO HAC VICE
APPEARANCE**

NOW COMES Pennsylvania National Mutual Casualty Insurance Company

("Penn National"), the real party in interest, and in support of the Motion for Leave to

Appear *Pro Hac Vice* of Richard J. Boyd, Jr., shows the Court as follows:

      1.      The address of the Plaintiff, Pennsylvania National Mutual Casualty

Insurance Company is 2 North 2nd Street, Harrisburg, PA 17101; and

      2.      Penn National has retained Richard J. Boyd, Jr. of the law firm of de Luca

Levine, LLC to represent it in the above-captioned action.

This 23rd day of January, 2025.

                              PENNSYLVANIA NATIONAL MUTUAL
                              CASUALTY INSURANCE COMPANY

By: _William Dressler_

                           WILLIAM DRESSLER
                           Recovery Representative

5

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing *Motion for Leave to Appear Pro Hac Vice* by depositing same in the United States Mail with sufficient postage thereon to insure delivery to the following person:

Scott Lewis
Diane K. Pappayliou
Butler Snow, LLP
6752 Rock Springs Road, Ste. 310
Wilmington, NC 28405

**POYNER SPRUILL, LLP**

Daniel G. Cahill            10/24/25

**STATE OF NORTH CAROLINA**

**COUNTY OF BUNCOMBE**

**IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25 CVS 005281-100**

---

PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY, as
subrogee of RICHARD BARTHEL and
KATIE BARTHEL,

                    **Plaintiff,**

v.

AMAZON.COM LLC,

                    **Defendant.**

---

**DEFENDANT AMAZON.COM LLC'S
MOTION TO DISMISS AND ANSWER**

NOW COMES Defendant Amazon.com Services LLC f/k/a Amazon.com LLC (improperly pled as "Amazon.com LLC") (hereinafter "Amazon"), by and through undersigned counsel, and hereby responds to Plaintiff's Complaint. Paragraphs of this Answer correspond to the same-numbered Paragraphs in Plaintiff's Complaint. Except as expressly admitted herein, Amazon denies all allegations contained in Plaintiff's Complaint.

**MOTION TO DISMISS
(12(b)(6) – FAILURE TO STATE A CLAIM)**

Pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, Amazon moves to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.

**ANSWER**

**THE PARTIES**

1.      Paragraph 1 does not relate to Amazon and is denied for lack of knowledge or information sufficient to form a belief as to its truth.

2.      Paragraph 2 does not relate to Amazon and is denied for lack of knowledge or information sufficient to form a belief as to its truth.

3.      Paragraph 3 does not relate to Amazon and is denied for lack of knowledge or information sufficient to form a belief as to its truth.

4. Answering Paragraph 4, Amazon admits only that Amazon.com, LLC ceased being a legal entity in January 2018 when it was merged into what is now Amazon.com Services LLC, which is a Delaware corporation with its principal place of business located at the identified address. Amazon further admits that it operates an online marketplace in which the general public, including North Carlina residents, can purchase products sold by millions of third-party sellers on the Amazon.com website. Except as admitted and to the extent a further response is required, Amazon denies any remaining allegations in Paragraph 4.

5. Paragraph 5 contains legal conclusions that do not require a response from Amazon. To the extent a response is required, Amazon admits that it operates an online marketplace in which the general public, including North Carlina residents, can purchase products sold by millions of third-party sellers and in some cases Amazon on the Amazon.com website. Amazon denies the remaining allegations of Paragraph 5. Amazon specifically denies that it prepared, distributed, sold, certified, policed, vetted, and/or marketed the product at issue.

6. Answering Paragraph 6, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Barthels' beliefs, and therefore denies the allegations. Amazon admits that on March 20, 2022, Katie Barthel purchased from third-party seller FirstPower the following product on Amazon.com: "FirstPower 5.0Ah V6 Battery Replacement" ("product") (Order 111-3839862-8391429). Amazon further admits that Amazon.com is a trustworthy online marketplace. Amazon denies the remaining allegations of Paragraph 6.

7. Answering Paragraph 7, Amazon admits that it is a safe and trustworthy company. The allegations in Paragraph 7 regarding Richard Barthel's and Katie Barthel's (collectively "Barthels") experiences, belief, and state of mind do not relate to Amazon and are denied for lack of knowledge or information sufficient to form a belief as to its truth. Amazon denies the

2

remaining allegations in Paragraph 7 directed at Amazon and specifically denies that the product was dangerous or that Amazon knew the product was dangerous. Except as admitted, Paragraph 7 is denied.

8.      Paragraph 8 is denied.

9.      Paragraph 9 is denied.

10.     Answering Paragraph 10, Amazon admits that its website is the best evidence of its contents. Amazon expressly denies any conclusions being drawn from the purported screenshots and/or quotations included in the Complaint. Except as admitted, Paragraph 10 is denied.

11.     Answering Paragraph 11, Amazon admits that its website is the best evidence of its contents. Amazon expressly denies any conclusions being drawn from the purported screenshots and/or quotations included in the Complaint. Except as admitted, Paragraph 11 is denied.

12.     Answering Paragraph 12, Amazon admits that its website contains statements of the services it provides to customers and its website is the best evidence of its contents. Except as admitted, Paragraph 12 is denied.

13.     Answering Paragraph 13, Amazon denies that the third-party sellers who use Amazon.com to sell products are Amazon's merchants. Amazon admits that third-party sellers on Amazon.com assent to the Amazon Services Business Solutions Agreement before being permitted to sell products on Amazon.com and are directed to other policies and procedures that Amazon requires the seller to follow. Amazon further admits that the BSA and the other referenced policies and procedures are the best evidence of their contents. Except as admitted, Paragraph 13 is denied.

14.     Answering Paragraph 14, Amazon admits that it monitors the safety of products sold by third-party sellers on Amazon.com, has removed products from the available listings in response to alleged safety concerns, and has alerted consumers in certain instances to product

recalls. Amazon denies the remaining allegations in Paragraph 14, including any allegation that any basis existed to remove the product listing for the product or alert consumers to any hazard of the product prior to or subsequent to the Barthels' purchase of the product.

15. Paragraph 15 contains legal conclusions that do not require a response from Amazon. To the extent a response is required, Amazon denies the allegations of Paragraph 15, including that the product at issue is harmful or unsafe.

16. Answering Paragraph 16, Amazon only admits that the product's web listing posted by the third-party seller is the best evidence of its contents. Except as admitted, Amazon denies Paragraph 16. Amazon specifically denies that it advertised the product.

17. Amazon admits that Health Canada's report regarding the recall is the best evidence of its contents. Amazon denies that decisions made by Health Canada, which has no regulatory authority in the United States, has any relevance to the claims in this case or is equivalent to the CPSC in the United States. Amazon denies that any basis existed or exists to mitigate any danger from the product, warn users, or recall the product. Amazon further denies that the product purchased by the Barthels was defective.

18. Amazon admits that Health Canada posted on its website that there were "6 reports of incidents including 1 report of significant property damage" in Canada "from 2 batches of batteries sold in Canada." Amazon denies the remaining allegations in Paragraph 18, including that any basis existed or exists to mitigate any danger from the product, warn users, or recall the product. Amazon further denies that the product purchased by the Barthels was defective.

JURISDICTION AND VENUE

19. Paragraph 19 contains legal conclusions that do not require a response from Amazon. To the extent a response is required, Amazon denies Paragraph 19.

4

20.     Paragraph 20 contains legal conclusions that do not require a response from Amazon. To the extent a response is required, Amazon denies Paragraph 20.

<u>ALLEGATIONS – NEGLIGENCE</u>

21.     Paragraph 21 contains legal conclusions that do not require a response from Amazon. To the extent a response is required, Amazon denies Paragraph 21. Amazon specifically denies that the product was defective or dangerous.

22.     Paragraph 22, including its subparts, contains legal conclusions that do not require a response from Amazon.  To the extent a response is required, Amazon denies the allegations of Paragraph 22 and all its subparts.  Amazon specifically denies that the product was defective or that it had notice that the product was defective.

23.     Paragraph 23 contains legal conclusions that do not require a response from Amazon.  To the extent a response is required, Amazon denies the allegations of Paragraph 23.

24.     Paragraph 24 contains legal conclusions that do not require a response from Amazon.  To the extent a response is required, Amazon denies the allegations of Paragraph 24, including that it breached any duty owed to the Barthels.

25.     Amazon denies Paragraph 25 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Amazon further denies that the damages are the direct and proximate result of any actions taken or not taken by Amazon.

26.     Amazon denies Paragraph 26 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Amazon further denies that the damages are the direct and proximate result of any actions taken or not taken by Amazon.

27.     Amazon denies Paragraph 27 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Amazon further denies that the damages are the direct and proximate result of any actions taken or not taken by Amazon.

The remaining statements in the Complaint relate to Plaintiff's request for relief, to which no response is required. To the extent a response is required, Amazon denies that judgment should be entered against it or that any of the relief requested in the Complaint is appropriate.

## ADDITIONAL DEFENSES

Without admitting any of the allegations contained in Plaintiff's Complaint and without admitting or acknowledging that Amazon bears any burden of proof as to any of them, Amazon asserts the additional and affirmative defenses listed below. Amazon intends to rely upon all defenses that become available or apparent during pretrial proceedings and/or discovery in this action, and Amazon hereby reserves the right to amend this answer to assert any such further defenses.

### FIRST ADDITIONAL DEFENSE

The Complaint and each and every purported cause of action contained therein is barred, in whole or in part, because Amazon did not engage in any conduct that was wrongful or otherwise unlawful.

### SECOND ADDITIONAL DEFENSE

Plaintiff's claims against Amazon fail because Amazon did not design, manufacture, advertise, market, sell, or distribute the product at issue.

### THIRD ADDITIONAL DEFENSE

Plaintiff's injuries, damages, or losses, if any, were caused in whole or in part by the acts or omissions of other persons over whom Amazon had no supervision or control, or right to supervise or control, those acts or omissions being the sole proximate cause or an intervening or superseding cause of any injuries or damages Plaintiff sustained.

6

## FOURTH ADDITIONAL DEFENSE

Amazon affirmatively states and alleges that if Amazon is found liable to Plaintiff, which liability is expressly denied, Amazon is only liable for damages in proportion to Amazon's fault or liability, if any, relative to that of Plaintiff, other defendants, third parties, and non-parties to this action.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's alleged loss, damage, injury, harm, or expense may have been caused in whole or in part by Plaintiff's and/or the Barthels' failure to exercise reasonable care and to mitigate damages.

## SIXTH ADDITIONAL DEFENSE

Plaintiff may have received compensation from alternate sources and recovery must be reduced accordingly.

## SEVENTH ADDITIONAL DEFENSE

No act or omission on the part of Amazon either caused or contributed to whatever injuries or damages Plaintiff may have sustained.

## EIGHTH ADDITIONAL DEFENSE

The benefits of the design and composition of the product outweigh the risks, if any, associated with it, and therefore the product was not unreasonably dangerous.

## NINTH ADDITIONAL DEFENSE

Plaintiff's alleged injuries and expenses may have been caused by a modification or alteration of the product, and any such modification or alteration was not reasonably expected by Amazon.

## TENTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, were caused or contributed to, directly and proximately, by Plaintiff's and/or the Barthels' disregard of the warnings, instructions, user manual, and/or directions for the product's use.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff's claims may be barred, in whole or in part, by Plaintiff's and/or the Barthels' express or implied assumption of risk of injury and/or damage.

## TWELFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Amazon did not owe any legal duty to Plaintiff and/or the Barthels, or, if Amazon owed any such legal duty, Amazon did not breach that duty.

## THIRTEENTH ADDITIONAL DEFENSE

Amazon states that any alleged negligence on behalf of Amazon was passive whereas the active negligence of another third party was the sole proximate cause of any injuries or damages sustained by the Plaintiff.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the Federal Communications Decency Act, 47 U.S.C. § 230 to the extent they are based on third-party content on www.amazon.com.

## FIFTEENTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, were caused or contributed to, directly and proximately, in whole or in part, by misuse, unauthorized use, unintended use, unforeseeable use and/or improper use of the product at issue.

## SIXTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because the danger, or potentiality of danger, concerning the product at issue, was open and obvious and/or generally known and recognized.

## SEVENTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the laws of other jurisdictions that may apply in this case.

## EIGHTEENTH ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, and/or equitable estoppel.

## NINETEENTH ADDITIONAL DEFENSE

Amazon made no express or implied representations or warranties of any kind to Plaintiff and/or the Barthels relating to the product and disclaimed all warranties in its Conditions of Use. To the extent that any alleged representations or warranties were made to Plaintiff and/or the Barthels, they were made by persons or entities other than Amazon and over whom Amazon has or had no control or right of control.

## TWENTIETH ADDITIONAL DEFENSE

Based on the state of scientific, medical, and technological knowledge existing at the time Plaintiff and/or the Barthels allegedly used the product at issue in this action, the product was reasonably safe for its normal and foreseeable use at all relevant times. Moreover, the product complied with all applicable industry standards and reflected the current state of the art at the time it was manufactured, sold, and distributed.

## TWENTY-FIRST ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence.

9

**TWENTY-SECOND ADDITIONAL DEFENSE**

The Complaint and each purported claim for relief therein is barred, in whole or in part, because Plaintiff has failed to join all necessary and indispensable parties.

**TWENTY-THIRD ADDITIONAL DEFENSE**

Plaintiff's claims may be barred by the applicable statute of limitations or statute of repose.

**TWENTY-FOURTH ADDITIONAL DEFENSE**

The product described in Plaintiff's Complaint may have been improperly maintained and such improper maintenance, as may be demonstrated through subsequent discovery, may be demonstrated to have been the cause of the accident described in the Complaint.

**TWENTY-FIFTH ADDITIONAL DEFENSE**

Amazon is not liable to Plaintiff because any alleged dangerous and/or defective condition, as described in the Complaint, was not within Amazon's actual and/or constructive control.

**TWENTY-SIXTH ADDITIONAL DEFENSE**

To the extent that any person may have failed to preserve valuable evidence to Amazon's prejudice, the claims and causes of action against Amazon must be dismissed.

**TWENTY-SEVENTH ADDITIONAL DEFENSE**

To the extent that the product was sold with a limitation or disclaimer of warranties, Amazon pleads such limitation or disclaimer as a complete defense to Plaintiff's claims.

**TWENTY-EIGHTH ADDITIONAL DEFENSE**

Each and every purported cause of action contained therein is barred, in whole or in part, because Amazon's conduct was not wrongful or otherwise unlawful.

**TWENTY-NINTH ADDITIONAL DEFENSE**

Amazon pleads the provisions of Chapter 99(B) of the North Carolina General Statutes in bar or defense of the claims asserted in the Plaintiff's Complaint.

## THIRTIETH ADDITIONAL DEFENSE

Amazon asserts that Plaintiff is not entitled to attorneys' fees, if any, and the Plaintiff's Complaint fails to allege an adequate basis for attorneys' fees to be awarded.

## THIRTY-FIRST ADDITIONAL DEFENSE

Amazon pleads the innocent seller defense pursuant to N.C. Gen. Stat. § 99B-2.

## THIRTY-SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, under the provisions of N.C. Gen. Stat. § 99B-6.

## THIRTY-THIRD ADDITIONAL DEFENSE

The product at issue was out of the control of Amazon over a material period of time. During that period Amazon had no control over the installation, maintenance, handling, use, or control of the product. If there was any defect or deficiency as of the time of the incident alleged (such defect or deficiency being expressly denied by Amazon), such defect or deficiency is the result of other acts or omissions on the part of others for whom Amazon is not and cannot be responsible.

## THIRTY-FOURTH ADDITIONAL DEFENSE

Plaintiff's alleged damages are barred, in whole or in part, by contribution and/or proportionate responsibility and comparative fault.

## RESERVATION OF RIGHTS

Amazon reserves the right to amend its Answer to assert additional defenses that become available or apparent during the course of investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Amazon prays for judgment against Plaintiff as follows:

1.      That Plaintiff recovers nothing from Amazon by way of the Complaint;

11

2.      That Plaintiff's claims be dismissed with prejudice;

3.      That Amazon be awarded its costs of suit; and

4.      For such other and further relief as the Court may deem just.

This the 29th day of October, 2025.

                                        **BUTLER SNOW, LLP**

                                        **By:**_____
                                        **DIANE K. PAPPAYLIOU**
                                        **NC State Bar No. 50921**
                                        **Attorneys for Defendant Amazon**
                                        **6752 Rock Spring Road, Suite 310**
                                        **Wilmington, NC  28405**
                                        **(910) 550-1320**
                                        **Diane.pappayliou@butlersnow.com**

# <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing document was served upon all counsel of Record by

attachment to electronic mail pursuant to Rule 5 addressed as follows:

> Daniel G. Cahill
> dcahill@poynerspruill.com
> *Counsel for Plaintiff*
>
> Richard J. Boyd
> rboyd@delucalevine.com
> *Counsel for Plaintiff*

This the 29th day of October, 2025.


**DIANE K. PAPPAYLIOU**

98052836.v1

STATE OF NORTH CAROLINA

COUNTY OF BUNCOMBE

IN THE GENERAL COURT OF
JUSTICE
SUPERIOR COURT DIVISION
25CV005281-100

FILED
DATE: October 30, 2025
TIME: 12:11:05 PM
BUNCOMBE COUNTY
CLERK OF SUPERIOR COURT
BY: B. Davis

PENNSYLVANIA NATIONAL
MUTUAL
CASUALTY INSURANCE COMPANY,
as Subrogee of Richard and Katie Barthel,

Plaintiff,

vs.

AMAZON.COM, LLC,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**ORDER GRANTING MOTION
TO APPEAR PRO HAC VICE**

This Court, having considered the Motion for Leave to Appear Pro Hac Vice of

Richard J. Boyd, Jr. is of the opinion that the Motion should be GRANTED;

IT IS THEREFORE ORDERED that Richard J. Boyd, Jr. is allowed to practice in

the General Court of Justice of North Carolina and appear on behalf of the Plaintiff,

Pennsylvania National Mutual Casualty Insurance Company, as Subrogee of Richard and

Katie Barthel, in the above-captioned legal proceeding.

10/30/2025 10:28:59 AM

This _____ day of October, 2025.

10/30/2025

BY: _____

Superior Court Judge Presiding